*Special* 881



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1988
Re: Does Article 4371 of the Re-
vised Civil Statutes prohibit
the State Treasurer from pay-
ing Confederate Pension Warrants
which are presented for payment
after two years from the close
of the fiscal year in which the
warrants were issued?

We are in receipt of your letter of February 21,
1940, in which you request an Opinion of this Department on
the question presented therein as follows:

"Does Article 4371 of the Revised Civil Sta-
tutes of the State of Texas prohibit the State
Treasurer of Texas from paying Confederate Pen-
sion Warrants which are presented for payment
after two years from the close of the fiscal
year in which the warrants were issued?"

Article 6204 of the Revised Civil Statutes provides
for the creation of a special fund for the payment of confe-
derate pensions. Said Article reads in part as follows:

"There shall be levied and collected in the
same manner and at the same time that other
ad valorem taxes are levied and collected for
the year 1925, and annually thereafter an ad
valorem tax of seven (7¢) cents on the One Hun-
dred Dollar ($100.00) valuation thereof on all
property owned in the State on the 1st day of
January of 1925, and of every year thereafter,
and on all property sent out of the State prior

Hon. Charley Lockhart, page 2

to the let day of January of any of said years
for the purpose of evading the payment of taxes
thereon and afterwards returned to the State, ex-
cept so much thereof as may be exempted by the
Constitution and laws of this State or of the
United States, which valuation shall be made in
the manner prescribed by law for the assessment,
levy, and collection of other State and County
taxes, which said tax so levied and collected shall
be paid into the Treasury of the State of Texas, in
the same manner as other State taxes, and shall con-
stitute a special fund for the payment of pensions,
as may be provided by law, to Confederate soldiers
and their widows, and to other Texas soldiers and
militiamen who served during the War between the
States entitled to pensions under the laws of Texas,
and their widows, and shall constitute a special
fund for the payment of such pensions in the man-
ner and under the rules and regulations as are and
may be prescribed by law. . . . ."

Article 6205 sets out the persons who are entitled
to receive Confederate pensions.

It is to be noted that Article 6204 provides for
the payment of the Confederate pension tax money into the
State Treasury and same is a special fund to be paid out in
the manner and under the rules and regulations prescribed by
law.

Article 4344 of the Revised Civil Statutes provides
in part as follows:

"Among other duties the Comptroller shall:

"16. Draw warrants on the Treasurer for the
payment of all moneys directed by law to
be paid out of the treasury."

As Article 6204 specifically provides that the Con-
federate pension money is to be paid to the State Treasurer,
said money is paid out by warrants drawn by the Comptroller
on the Treasurer under the authority of Article 4344, supra.

Article 4371 of the Revised Civil Statutes as amen-
ded, in 1931, provides as follows:

Hon. Charley Lockhart, page 3

>"The Treasurer shall countersign and pay all
>warrants drawn by the Comptroller on the Treas-
>ury which are authorized by law. No money shall
>be paid out of the Treasury except on the war-
>rants of the Comptroller, and no warrant shall
>be paid by the Treasurer unless presented for
>payment within two years from the close of the
>fiscal year in which such warrant was issued, but
>claims for the payment of such warrants may be
>presented to the Legislature for appropriations to
>be made from which such claims may be paid. (As
>amended Acts 1931, 42nd Leg., p. 396, ch. 242,
>§ 1)

This Department ruled in Opinion No. O-1309, writ-
ten by Honorable George W. Barcus, Assistant Attorney General,
addressed to Honorable Charley Lockhart, State Treasurer, that
Article 4371 is a limitation statute and that unless the ori-
ginal warrant or duplicate warrant issued in lieu thereof is
presented to the State Treasurer for payment within the two
year period, the Treasurer would not be authorized to pay the
same.

You are advised that the payment of Confederate
pensions under the statutes is by warrants drawn on the State
Treasurer by the Comptroller of Public Accounts. Your atten-
tion is further called to the all-inclusive language of Arti-
cle 4371, which provides:

>"No warrant shall be paid by the Treasurer
>unless, etc."

It is the Opinion of this Department, therefore,
that Article 4371 would apply to warrants drawn on the Con-
federate pension fund and that the same must be presented for
payment within two years of the close of the fiscal year in
which the warrants were issued before the Treasurer would be
authorized to pay such warrants.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg

Billy Goldberg
Assistant

EG:BBB    APPROVED MAR 8, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS